IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN WAYNE YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-2884-D |
| | § | |
| AMERICAN MULTI-CINEMA, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff John Wayne Young ("Young") moves under Fed. R. Civ. P. 15(a) for leave to file a second amended complaint. For the reasons that follow, the court grants the motion in part and denies it in part.

I

To decide this motion, the court need only briefly recount the background facts and procedural history. Young sued defendant American Multi-Cinema, Inc. ("AMC") in state district court, alleging that it was liable on theories of premises liability, vicarious liability, and negligent maintenance of premises. AMC removed the case to this court based on diversity of citizenship.

Following removal, Young filed a first amended complaint, asserting the same claims, which AMC then answered. The court's scheduling order set July 17, 2026 as the deadline to file a motion for leave to amend the pleadings. Young filed the instant motion for leave to file a second amended complaint on June 12, 2026—before the court-ordered

deadline—prompted by AMC's discovery responses served on March 20, 2026.

Young moves for leave to amend to (1) add a claim for gross negligence; (2) plead, with greater specificity, AMC's notice of the alleged dangerous condition at issue; and (3) plead spoliation allegations and preserve the corresponding evidentiary remedies. AMC opposes the motion, contending that the additions of a gross negligence claim, additional notice allegations, and spoliation allegations are futile and would unduly prejudice AMC. The court is deciding the motion on the briefs, without oral argument.[1]

II

Because Young filed the instant motion by the deadline established in the scheduling order, the jurisprudence of Rule 15(a), rather than Rule 16(b)(4), applies. *See Orthoflex, Inc. v. ThermoTek, Inc.*, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) (Fitzwater, C.J.). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Leave to amend the pleadings should be "freely give[n] . . . when justice so requires." Rule 15(a)(2). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). "The district court

[1]AMC responded to Young's motion on June 29, 2026. Young's reply, had he opted to file one, was due on July 13, 2026. *See* N.D. Tex. Civ. R. 7.1(f) ("Unless otherwise directed by the presiding judge, a party who has filed an opposed motion may file a reply brief within 14 days from the date the response is filed."). Because the time to file a reply has expired, Young's motion is ripe for decision.

may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "When, as here, [a] part[y] file[s] a motion to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" *Campbell's Co. v. Precision Castparts Corp.*, 2018 WL 5886655, at *1 (N.D. Tex. Nov. 9, 2018) (Fitzwater, J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)).

III

A

AMC contends that allowing Young to add a gross negligence claim and additional notice allegations would be futile because he has failed to plead sufficient facts to support such a claim. As for Young's proposed gross negligence claim, AMC maintains that Young can neither demonstrate that AMC's acts or omissions involved an "extreme degree of risk," D. Resp. (ECF No. 21) at 5, nor that AMC acted with "conscious indifference," *id.* at 6.

B

The court recognizes that it can deny leave when the amendment would be futile, that is, when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). But as the court has often stated:

> [This] court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. "The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer."

*Poly-Am., Inc.*, 2002 WL 206454, at *1-2 (quoting *Sells v. Six Flags Over Tex., Inc.*, No. 3:96-CV-1574-D, slip op. at 2 (N.D. Tex. Oct. 17, 1996) (Fitzwater, J.)).[2] Accordingly, the court declines to deny Young leave to amend to add the proposed gross negligence claim based on futility.

C

AMC also maintains that allowing Young to amend his first amended complaint to add a gross negligence claim—which may result in an award of punitive damages—"after nearly a year of litigation would unfairly surprise and prejudice AMC." D. Resp. (ECF No. 21) at 7. But aside from asserting that the addition of a gross negligence claim may result in punitive damages, AMC does not specify how Young's amendment would "*unduly* prejudice" AMC. *MC Trilogy Tex., LLC v. City of Heath, Tex*, 2023 WL 6333115, at *3 (N.D. Tex. Sept. 28, 2023) (Fitzwater, J.) (granting motion for leave to file first amended answer where moving party did not unduly delay in moving for leave to amend). In any event, to the extent the additional facts and claims may require further discovery, such delays do not necessarily constitute *undue* prejudice. *See Dalton v. C. R. Bard, Inc.*, 2020 WL

---

[2]A Rule 12(c) motion would also be an appropriate procedural mechanism for challenging the merits of a claim.

4284585, at *3 (N.D. Tex. July 27, 2020) (Fitzwater, J.). Moreover, the discovery deadline in this case is December 11, 2026, providing AMC "[a]mple opportunity" to prepare its defense against this claim. *Id.* (quoting *EPL Oil & Gas, Inc. v. Tana Expl. Co.*, 2018 WL 4489287, at *3 (E.D. La. Sept. 17, 2018) (finding "[a]mple" time existed with approximately ten weeks between the granting of leave to amend to add an additional claim and the discovery deadline)).

Accordingly, the court grants Young's motion to amend his first amended complaint to add a gross negligence claim and provide greater specificity concerning his notice allegations.

IV

The court now turns to Young's request for leave to amend to add allegations of spoliation.

A

AMC contends that Young's spoliation allegations are futile and unduly prejudicial, correctly noting that Texas law does not recognize an independent cause of action for spoliation of evidence. *See Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 18 (Tex. 2014). Instead, spoliation is an "evidentiary concept." *Id.* Although Texas law provides the rule of decision on Young's substantive claims, spoliation is an evidentiary matter governed by federal law. *King v. Ill. Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003). The remedy for spoliation of electronically stored information is governed by Rule 37(e), and is awarded on a motion for sanctions. *See, e.g.*, *BHI Energy I Power Servs. LLC v. KVP Holdings, LLC*,

730 F.Supp.3d 308, 319 (N.D. Tex. 2024) (Horan, J.) ("The loss of electronically stored information ('ESI') is governed by Federal Rule of Civil Procedure 37(e)." (quoting *Castro v. Wal-Mart Real Est. Bus. Tr.*, 645 F.Supp.3d 638, 646 (W.D. Tex. 2022))); *Jim S. Adler, P.C. v. McNeil Consultants, LLC*, 2023 WL 2699511, at *8 (N.D. Tex. Feb. 15, 2023) (Horan, J.) (same). Young nevertheless requests that the court allow him to include spoliation allegations in his second amended complaint, purportedly to provide AMC "fair notice and preserve . . . evidentiary remedies." P. Br. (ECF No. 19) at 8.

B

The court denies this ground of Young's motion to amend. Rule 15(a)(2) directs that leave be freely given when "justice so requires." This determination is "entrusted to the sound discretion of the district court." *Wimm*, 3 F.3d at 139.

Justice does not require leave here. Young concedes that the spoliation allegations do not state a cognizable cause of action, and, furthermore, they are unnecessary for the purposes Young has identified for including them. *Cf.* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1487, at 732-40 (3d. ed. 2010) (explaining that "numerous courts have held that a proposed amendment that is clearly frivolous, advancing a claim . . . that is legally insufficient on its face . . . should be denied"). Furthermore, there is no indication that a party must plead spoliation in his complaint to provide fair notice or preserve evidentiary remedies. *See* Rule 37(e); *see also Merrill Lynch, Pierce, Fenner & Smith, P.C. v. Greystone Servicing Corp., Inc.*, 2009 WL 10677379, at *2 (N.D. Tex. Dec. 31, 2009) (Solis, J) (explaining that because spoliation cannot be "viewed as a 'claim' . . .

[the plaintiff] did not act improperly by failing to include th[e] allegation in its Amended Complaint"). Instead, spoliation is "best handled within the 'context of the lawsuit' through sanctions and procedures." *Parker v. Bill Melton Trucking, Inc.*, 2016 WL 7117253, at *3 (N.D. Tex. Dec. 7, 2016) (Fish, J) (quoting *Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex. 1998)) (dismissing spoliation claim at the summary judgment stage because it did not give rise to a cause of action).

Accordingly, in the exercise of its discretion, the court declines to permit the amendment.[3]

* * *

For the reasons explained, the court grants Young's motion for leave to file his second amended complaint, except to the extent he seeks to include allegations of spoliation against AMC. He must file his second amended complaint within 14 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

September 1, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE

---

[3]Young is not without remedy; he remains free to raise any properly supported spoliation issue through the appropriate procedural mechanism, such as a motion for sanctions. *See Parker*, 2016 WL 7117253, at *3 (explaining that appropriate relief may be sought in a motion for sanctions).